UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AINSWORTH E. MORRIS,

                    Plaintiff,

      v.

THE NEW YORK GAMING COMMISSION,
MR. JAMES HASS,
MISS ISABELLA POSS,
EDMUND C. BURNS, ESQ., General Counsel,
MISS KELLY CARVER, c/o General Counsel,
MISS MICHELLE BARBETTA, c/o General Counsel,
CAPITAL OFF TRACK BETTING, and
MISS SUE GINTER,

                    Defendants.

REPORT
and
RECOMMENDATION

18-CV-00384V(F)

_____

APPEARANCES:        AINSWORTH E. MORRIS, *Pro Se*
                            450 Jefferson Avenue
                            Apartment 331
                            Buffalo, New York  14204

                            LETITIA A. JAMES
                            Attorney General, State of New York
                            Attorney for Defendants Gaming Commission,
                             Burns, Carver, and Barbetta
                            GEORGE MICHAEL ZIMMERMAN
                            Assistant Attorney General, of Counsel
                            Main Place Tower
                            350 Main Street
                            Suite 300A
                            Buffalo, New York  14202

                            WEBSTER SZANYI, LLP
                            Attorneys for Defendants Ginter, Hass, Poss, and
                            Capital Off Track Betting
                            CHARLES E. GRANEY, of Counsel
                            1400 Liberty Building
                            Buffalo, New York  14202

## JURISDICTION

This case was referred to the undersigned by Hon. Lawrence J. Vilardo on June 14, 2018, for all pretrial matters including preparation of a report and recommendation on dispositive motions. The matter is presently before the court on Defendants' motions to dismiss filed June 5, 2018 (Dkt. 10), and June 13, 2018 (Dkt. 12).

## BACKGROUND and FACTS[1]

Plaintiff Ainsworth E. Morris ("Plaintiff" or "Morris"), proceeding *pro se*, commenced this action by filing the Complaint on March 27, 2018, alleging he was subjected to various civil rights violations by Defendants New York State Gaming Commission ("State Gaming Commission"), and State Gaming Commission employees Michelle Barbetta ("Barbetta"), State Gaming Commission General Counsel Edmund C. Burnes, Esq. ("Burnes"), and Kelly Carver ("Carver") (together, "State Defendants"), along with Defendants Capital District Regional Off-Track Betting Corporation ("OTB"), and OTB employees Sue Ginter ("Ginter"), Isabella Poss ("Poss"), and James Hass ("Hass") (together, "OTB Defendants"). There is no indication that the Complaint was ever served on any of the Defendants. On April 20, 2018, Plaintiff filed the First Amended Complaint, (Dkt. 6), but nothing in the record indicates the First Amended Complaint was ever served on any of the Defendants. On April 30, 2018, Plaintiff filed the Second Amended Complaint (Dkt. 7) ("Second Amended Complaint"). On June 1, 2018, Plaintiff filed the "Affirmation of Service" (Dkt. 9), attached to which are, *inter alia*, copies of Domestic Return Receipts from the United States Postal Service indicating

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

2

service by certified mail was made on Defendants State Gaming Commission, Burns, Carver, Barbetta, Poss, and OTB.

On June 5, 2018, State Defendants filed a motion to dismiss the Second Amended Complaint (Dkt. 10) ("State Defendants' Motion"), attaching the Memorandum of Law of Defendants Michelle Barbetta, Edmund Burns, Kelly Carver, and State Gaming Commission in Support of Their Motion to Dismiss (Dkt. 10-1) ("State Defendants' Memorandum").  On June 13, 2018, OTB Defendants filed a motion to dismiss the Second Amended Complaint (Dkt. 12) ("OTB Defendants' Motion"), attaching Defendants, Capital District Off-Track Betting Corporation, Sue Ginter, Isabella Poss and James Hass' [sic] Memorandum of Law in Support of Their Motion to Dismiss (Dkt. 12-1) ("OTB Defendants' Memorandum").  On July 20, 2018, Plaintiff filed Plaintiff's Response to Motion to Dismiss (Dkt. 24) ("Plaintiff's Response").  On August 21, 2018, Plaintiff filed Plaintiff's Response to: Defendants Motion to Dismiss for Lack of Jurisdiction (Dkt. 25) ("Plaintiff's Memorandum").  Defendants did not file any replies in further support of their respective motions.  Oral argument was deemed unnecessary.

Based on the following, State Defendants' Motion should be GRANTED; OTB Defendants' Motion should be GRANTED.

## **DISCUSSION**

Both State and OTB Defendants argue in support of dismissal that Plaintiff failed to timely effect proper service of the Second Amended Complaint under either federal or state law, State Defendants' Memorandum at 3-5; OTB Defendants' Memorandum at 2-4, and that the Second Amended Complaint, served without leave of the court is a

nullity, State Defendants' Memorandum at 6; OTB Defendants' Memorandum at 4. OTB Defendants further argue for dismissal of the Second Amended Complaint for failure to state a claim for which relief can be granted. OTB Defendants' Memorandum at 5-7. In opposition to the motions to dismiss, Plaintiff argues the instant action is subject to federal question jurisdiction based on the alleged violation of the United States Constitution and federal statutes, and "Interstate Horseracing," Plaintiff's Memorandum at 1, and that venue in the Western District of New York is proper because that is where the local Off-Track Betting site, which is the subject of this action, is located, *i.e.*, in Batavia, New York. *Id.* at 2.

1. **Sufficiency of Service**

Insofar as Defendants argue Plaintiff failed to timely effect proper service, such motions are pursuant to Fed.R.Civ.P. 12(b)(2) (lack of personal jurisdiction), and (5) (insufficient service of process). Significantly, "'[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.'" *Dynergy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006) (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). As relevant, Fed. R. Civ. P. 4 ("Rule 4") provides that after filing a complaint, each defendant must be served with a summons and a copy of the complaint for service of process upon an individual within 90 days. Fed. R. Civ. P. 4(c)(1) and (m). Service may be made by "[a]ny person who is at least 18 years old and not a party . . . ." Fed.R.Civ.P. 4(c)(2). "[T]he plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010). "A defendant's objection to service 'must be specific and must point out in what manner the plaintiff has

failed to satisfy the requirements of the service provision utilized.'" *Stepney v. Rochester Housing Authority*, 2018 WL 3110225, at * 3 (W.D.N.Y. June 25, 2018) (quoting *Koulkina v. City of New York*, 559 F.Supp.2d 300, 312 (S.D.N.Y. 2008)).

In the instant action, Plaintiff attempted to serve each of the Defendants, including the individuals, a public benefit corporation, and a New York agency, by certified mail. *See* Plaintiff's Response at 2, 4, 6, 8, and 10 (copies of certified mail receipts for Defendants State Gaming Commission, Burns, Carver, Barbetta, Poss, and OTB,[2] submitted in opposition to dismissal for failure to effect proper service). Defendants argue in support of dismissal that service by certified mail is not sufficient under either federal or New York law. State Defendants' Memorandum at 3-5; OTB Defendants' Memorandum at 2-4.

Here, Defendants include individuals, the public benefit corporation OTB, and a state government agency State Gaming Commission, and the rules for service vary with respect to the different types of defendants. In particular, Rule 4 provides that service may be made upon on individual within the United States by

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
   (A) delivering a copy of the summons and of the complaint to the individual personally;
   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

---

[2] No copy of any certified mail receipt indicates Plaintiff attempted to serve Defendant Ginter or Hass by certified mail, nor is there any indication in the record that Plaintiff used some other method to effect service on them.

5

Fed.R.Civ.P. 4(e).

Service on a corporation, like Defendant OTB, is to be made

> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant . . . .

Fed.R.Civ.P. 4(h).

Finally, service on a state government agency, like Defendant State Gaming Commission, must be made by

> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed.R.Civ.P. 4(j)(2).

A plain reading of Rule 4 establishes that service by certified mail is not an approved method for service of process under federal law, *see DiMarco Constructors, LLC v. Sinacola, Inc.*, 407 F.Supp.2d 442, 444 at n. 1 (W.D.N.Y. 2006) (noting Rule 4 does not permit service of process by certified mail), and more than 90 days have elapsed since Plaintiff filed the Second Amended Complaint on April 30, 2018, Fed.R.Civ.P. 4(m), such that Plaintiff has failed to timely effect proper service under federal law.  Nor has Plaintiff timely effected proper service under New York law.

    In particular, similar to Rule 4, New York law provides for personal service upon a natural person, N.Y. Civ.Prac.L.&R. § 308[1], or corporation or government subdivision, N.Y. Civ.Prac.L.&R. § 311, which was not followed here.  Although New York law does permit service by first class mail "as an alternative to the methods of

personal service," N.Y. Civ.Prac.L.&R. § 312-a(a), for service attempted by this method to be complete,

> the defendant, defendant's attorney or an employee of the attorney must complete the acknowledgement of receipt and mail or deliver one copy of it within thirty (30) days from the date of receipt.  Service is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender.  The signed acknowledgement of receipt shall constitute proof of service.

N.Y. Civ.Prac.L.&R. § 312-a(b) ("§ 312-a(b)").

Here, Plaintiff has not produced any signed acknowledgement of receipt of service as proof of service by first class mail as required by § 312-a(b).

Accordingly, Plaintiff has failed to meet his burden of establishing adequate personal service.  *Dickerson*, 604 F.3d 752.  Furthermore, "[a] plaintiff's *pro se* status is no excuse for failure to serve the defendant properly and does not automatically amount to good cause for failure to serve within the time allotted by Rule 4(m)." *Jordan v. Forfeiture Support Assocs.*, 928 F.Supp.2d 588, 598 (E.D.N.Y. 2013) (internal quotation omitted).  Here, Plaintiff neither alleges nor demonstrates good cause for his failure to effect sufficient service of process and, accordingly, the motions filed by State Defendants and OTB Defendants seeking to dismiss the Second Amended Complaint for insufficient service of process should be GRANTED.

**2.      Filing Second Amended Complaint Without Leave of Court**

Alternatively, Defendants argue, State Defendants' Memorandum at 6; OTB Defendants' Memorandum at 4, even if Plaintiff effected sufficient service of the Second Amended Complaint, because Plaintiff, by filing the First Amended Complaint on April 20, 2018, *i.e.*, within 21 days of filing the original Complaint on March 27, 2018, had already availed himself of Fed.R.Civ.P. 15(a)(1)(A) ("Rule 15(a)"), the filing of the

7

Second Amended Complaint on April 30, 2018, required leave of the court which Plaintiff never sought and, as such, was not granted.

As relevant here, Rule 15(a) provides

(1) [ ] A party may amend its pleading once as a matter of course within:
   (A) 21 days after *serving* it, or
   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed.R.Civ.P. 15(a)(1) (italics added).

Because Plaintiff never served the original Complaint, the 21-day time limit to file an amended complaint under Rule 15(a)(1)(A) never commenced. Nor did Plaintiff ever serve the First Amended Complaint. The 90-days in which to serve, Fed.R.Civ.P. 4(m), has long expired such that Plaintiff could not proceed under Rule 15(a)(1)(A), but only under Rule 15(a)(1)(B), which requires leave of court before filing an amended pleading. Because Plaintiff did not seek leave of the court prior to filing the Second Amended Complaint, the Second Amended Complaint is without any effect. Accordingly, the motions filed by State Defendants and OTB Defendants should, on Defendants' alternative argument that the Second Amended Complaint is a nullity for failure to obtain the court's leave prior to filing it, be GRANTED.

**3.  Failure to State a Claim**

OTB Defendants further argue in the alternative that the Second Amended Complaint should be dismissed for failure to state a cognizable claim for relief, characterizing the Second Amended Complaint as "an incoherent rambling of conclusory statements, a multitude of miscited statutes and an occasional factual allegation that cannot be construed as stating a claim that is plausible on its face." OTB

8

Defendants' Memorandum at 6.  OTB Defendants continue that Plaintiff references fraud, wire fraud, and RICO Act violations without pleading the requisite specific factual allegations under Fed.R.Civ.P. 9(b), *id.*, there are no factual allegations that any of the OTB Defendants is a state actor as required for a § 1983 claim, *id.*, and Plaintiff references criminal conduct without supporting facts and which provides no basis for any civil claim.  *Id.*  OTB Defendants further maintain the only factual allegations made against Defendants Ginter, Hass, and Poss, *i.e.*, that Ginter is a "Customer Service Manager" to whom Plaintiff complained of money missing from his account, *id.*, that Hass allegedly told Plaintiff "they were selling Sham Races," *id.* at 7, and that Poss allegedly closed an account Plaintiff had at "Batavia Bets," *id.* at 6-7, (citing Second Amended Complaint, Preliminary Statement at 11), simply fail to plausibly allege any viable claim.

Preliminarily, a motion to dismiss for failure to state a claim is pursuant to Fed.R.Civ.P. 12(b)(6), under which to avoid dismissal the "complaint must 'state a claim to relief that is plausible on its face.'"  *Kolbasyuk v. Capital Management Services, LP*, __ F.3d __, 2019 WL 1119191, at *2 (2d Cir. Mar. 12, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007).

In the instant case, the OTB Defendants' characterization of the Second Amended Complaint as "so disjointed and incomprehensible that it would be impossible for the Defendants to craft a response," OTB Defendants' Memorandum at 7, is not hyperbole with the Second Amended Complaint essentially only referencing various

federal statutes and Constitutional provisions including factual allegations so sparse as to render the document nonsensical. For example, as against Defendant Poss, Plaintiff asserts

> Miss. Isabella Poss.: Whoever, without authority, alters or attempts to forge or uses such exhibit with intent to manipulate the Racing Result, is guilty of a Felony. Under 28 U.S.Code § 1343, done in furtherance of any Conspiracy mentioned in § 1985 of title 42 which they had knowledge were about to occur and having power to prevent or aid in preventing the commission of same, neglects or refuses so to do, if such wrongful act, be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act § 1986 Action for to Prevent.18 public laws. [*sic*]

Second Amended Complaint ¶ 8

Plaintiff's allegations against the other Defendants are similar.

Significantly, despite repeated references to "fraud," the Second Amended Complaint utterly fails to comply with Fed.R.Civ.P. 9(b)'s requirement that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." With regard to Plaintiff's allegations of criminal activity, *see, e.g.*, Second Amended Complaint at 11 (stating "One of the offenses consists of violating of 18 U.S.C. 331"), it is basic that such allegations do not provide a basis for any civil claim in the instant action. Nor do the sparse allegations asserted against the individual OTB Defendants Ginter, Hass, and Poss, even broadly construed, even suggest such defendants engaged in any unlawful behavior toward Plaintiff.

Insofar as Plaintiff makes bare references to civil rights violations, such claims generally may be maintained only against state actors under color of state law. *Grogan v. Blooming Grove Volunteer Ambulance Corps.*, 768 F.3d 259, 264 (2d Cir. 2014) ("To demonstrate state action, a plaintiff must establish both that her alleged constitutional deprivation was caused by the exercise of some right or privilege created by the State

or by a rule of conduct imposed by the state or by a person for whom the State is responsible, and that the party charged with the deprivation is a person whom nay fairly be said to be a state actor." (internal quotation marks, citation, brackets and italics omitted)).  Although none of the OTB Defendants is alleged to be a state actor, OTB is a public benefit corporation created by Article V of the New York State Racing, Pari-Mutuel Watering and Breeding Law, *see* N.Y. Racing, Pari-Mutuel Wagering and Breeding Law § 502(1) (McKinney's 2012) (establishing regional off-track betting corporations as public benefit corporations),[3] and the actions of its employees have been held to constitute state action.  *Philippeaux v. North Central Brooklyn Hospital*, 871 F.Supp. 640, 652 (S.D.N.Y. 1994) (employees of public benefit corporation were state actors for purposes of § 1983 claim).  The Second Circuit has applied the 'policy or custom' requirement of *Monell v. Dep't of Social Services*, 436 U.S. 658, 694-5 (1978), to public benefit corporations, including OTB, in considering a motion to dismiss claims under § 1983.  *See Dangler v. New York City Off Track Betting Corporation*, 193 F.3d 130, 142-43 (2d Cir. 1999) (considering plaintiff's § 1983 claim against defendant public benefit corporation pursuant to *Monell's* "policy or custom" requirement).  In the instant case, the Second Amended Complaint is devoid of any language that given the most liberal construction can be construed as alleging Plaintiff was deprived of any civil rights based on a policy or custom of Defendant OTB.  As such, the Second Amended Complaint fails to state a civil rights violation against any of the OTB Defendants.

    In short, the factual allegations set forth in the Second Amended Complaint are simply too deficient to give OTB Defendants notice of the claim Plaintiff alleges against

---

[3] Nor, apparently, has Plaintiff filed a notice of claim with regard to his claims against Defendant OTB, as required.  *See* N.Y. Racing, Pari-Mutuel Wagering and Breeding Law § 514 (McKinney's 1990).

11

them, showing Plaintiff is entitled to relief.  See Fed.R.Civ.P. 8(1).  *See also Singh v. New York State Dept. of Taxation and Finance*, 2011 WL 3273465 (W.D.N.Y. July 28, 2011) (recommending dismissal of complaint alleging various claims alleged against former municipal employer where complaint, although prolix, was woefully short on facts showing claims were plausible), *report and recommendation adopted*, 865 F.Supp.2d 344 (W.D.N.Y. 2011).

Accordingly, OTB Defendants' further alternative request seeking dismissal of the Second Amended Complaint for failure to state a claim should be GRANTED.

## **CONCLUSION**

Based on the foregoing, State Defendants' Motion (Dkt. 10), should be GRANTED; OTB Defendants' Motion (Dkt. 12), should be GRANTED.  The Clerk of the Court should be directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   March 14, 2019
         Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   March 14, 2019
         Buffalo, New York